# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JONATHAN ALSTON** | * | |
| | * | |
| Plaintiff, *pro se* | * | |
| | * | |
| v. | * | Civil No. **PJM 16-3697** |
| | * | |
| **ORION PORTFOLIO** | * | |
| **SERVICES, LLC,** *et al.* | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

*Pro se* plaintiff Jonathan Alston[1] has brought suit against Orion Portfolio Services, LLC

("Orion") and Trident Asset Management, LLC ("Trident") (hereinafter, collectively

---

[1] This is yet another purportedly *pro se* proceeding involving a plaintiff with the surname Alston. As with the Plaintiffs in the nearly forty other suits brought by Alstons, Plaintiff allegedly resides at 10012 Cedarhollow Lane, Largo, MD 20774. Thomas J. Alston has been plaintiff in approximately eighteen FCRA cases in this Court (8:11-cv-02292-RWT, 8:12-cv-00670-RWT, 8:12-cv-00721-RWT, 8:12-cv-01708-AW, 8:12-cv-01819-AW, 8:12-cv-03589-AW, 8:12-cv-03671-AW, 8:12-cv-03745-AW, 8:13-cv-01232-PWG, 8:13-cv-01226-PWG, 8:13-cv-01598-PJM, 8:13-cv-01704-RWT, 8:14-cv-03199-DKC, 8:15-cv-03099-TDC, 8:15-cv-03393-DKC, 8:16-cv-00491-GJH, 8:16-cv-00491-GJH, 8:16-cv-00608-TDC). His mother Yvonne is the plaintiff in nine cases (8:12-cv-02270-AW, 8:12-cv-02711-DKC, 8:13-cv-01012-RWT, 8:13-cv-01218-PWG, 8:13-cv-02388-DKC, 8:13-cv-02675-TDC, 8:14-cv-02987-PWG, 8:15-cv-03100-GJH, 8:16-cv-00491-GJH); his sister Candace in four cases (8:12-cv-02732-RWT, 8:12-cv-03357-AW, 8:14-cv-00656-RWT, 8:16-cv-00491-GJH); his sister Kimberly Ann in one case (8:12-cv-02533-RWT); and his brother Jonathan in four cases before this Court (8:12-cv-03294-DKC, 8:13-cv-00913-DKC, 8:13-cv-02390-DKC, 8:15-cv-03099-TDC, 8:15-cv-03393-DKC). Nearly all the lawsuits brought by "Alston" plaintiffs are against credit reporting agencies or other financial institutions.

All these suits appear to be linked to Thomas Alston, a non-attorney, who has not only been among the named *pro se* plaintiffs but as well appears to have been the author-in-fact of several of these *pro se* Alston-Plaintiff suits. Thomas Alston also appears to have been the author-in-fact of other suits, ostensibly filed by *pro se* plaintiffs, seeking monetary compensation for trivial harms, such as the alleged failure to promptly receive a mortgage note marked "paid" when in fact it had been paid in full. *See e.g., Alston v. Wells Fargo Bank, N.A., 2016 WL 4158369 (D. Md. Aug. 5, 2016).* As it has on prior occasions, the Court takes judicial notice of Thomas Alston's LinkedIn profile on the internet, in which he holds out that

For the cost of a reasonably priced paralegal, you get the value of a high-caliber attorney. Armed with a thorough understanding of the judicial system, great legal vision,

"Defendants"), in connection with a debt he originally owed to Verizon Communications

("Verizon") for unreturned television equipment and associated fees. Alston claims  that Orion,

_____

> specialized research skill, competitive spirit and writing and communication skills to
> convey the foregoing, there is no legal task that I cannot accomplish with the utmost
> competency. Extensive experience in drafting complaints, supporting and opposing
> briefs, discovery documents and more. I have over 10 favorable court opinions from the
> US District Court for Maryland and Circuit Court for Prince George's County to back up
> my proclaimed competencies.

Thomas Alston, LinkedIn (Feb. 23, 2017, 3:24 PM), https://www.linkedin.com/in/doctormoney.

As in all cases involving *pro se* Alston plaintiffs, the Court has a number of serious concerns. Given the extraordinary circumstances surrounding the suspiciously similar nature of the filings, the Court feels it necessary to determine whether the present suit is being filed in good faith.. Accordingly, the Court requires that Plaintiff shall file an Affidavit responding to the following questions, <u>under oath</u>, within 20 days:

1. Does Plaintiff actually reside at 10012 Cedarhollow Lane, Largo, MD 20774? If so, for how long has he resided at that address? For how many days each week does Plaintiff sleep overnight at this address? Plaintiff shall also list all other addresses where he has spent more than three nights in any given week over the last 12 months.

2. To what extent has Thomas Alston in any way provided advice to Plaintiff in this case or as to the filing of *pro se* cases against reporting agencies in general? Plaintiff must set forth the names of every individual (including, but not limited to Thomas Alston) or entity that has provided him with any advice, documents, or pleadings in connection with the present lawsuit.

Why does the Court direct that this information be supplied? <u>First</u>, the Court wishes to verify the truth of certain information in the pleadings. Specifically, the Court must determine the *bona fides* of the address listed by Plaintiff, given that multiple *pro se* Alston plaintiffs have filed suits alleging residence at 10012 Cedarhollow Lane, Largo, MD 20774. <u>Second</u>, given the surname of Alston and non-attorney Thomas Alston's proclamations that he offers the "value of a high-caliber attorney" and that "there is no legal task that [he] cannot accomplish with the upmost competency," the answer to these questions, <u>which must be given under oath</u>, may implicate the unauthorized practice of law by Thomas Alston. <u>Third</u>, many of the claims being made in this suit are dubious. For example, Plaintiff alleges that he suffered "fear, embarrassment, humiliation, frustration, anger, headaches, sleeplessness, severe emotional and mental distress." It is, however, doubtful that such claims in the context of the sort of debt collection practices sued upon here allow for the recovery of emotional damage. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 241 (4th Cir. 2009); *Spokeo, Inc. v. Robins.* 136 S. Ct. 1540 (2016).

The Court needs to be satisfied that the filing of this suit is sincere and not merely brought by Alston for its nuisance value.

The fact of the matter is that the mere filing of law suits such as this imposes a significant burden on Defendants, who are required to engage counsel to respond, which causes them to incur costs that incentivize settlement of the suits before reaching the merits of the case.

which allegedly purchased the debt from Verizon, and Trident, which allegedly sought to collect the debt on behalf of Orion, purportedly attempted to collect the $1,390.81 debt to Verizon in violation the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*. Alston further seeks class action certification in order to sue Defendants under the FDCPA. Finally, he brings a claim against Defendants[2] under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* as well as a claim for defamation.

Defendants have moved to dismiss both FDCPA claims.[3] For the reasons that follow, the Court will **GRANT** Defendants' Motion to Dismiss for Failure to State A Claim, ECF No. 9, and will **DISMISS** Alston's FDCPA claims, Counts I and II, **WITHOUT PREJUDICE**.

## I.      FACTUAL BACKGROUND

Alston states in his Complaint that he obtained his Trans Union credit report and discovered a collection account being reported by Trident, which indicated that he owed $1,391 to Verizon for utility services. Compl. ¶¶ 5-5.[4] On June 11, 2016, Alston says he disputed the Trident collection account with Trans Union. *Id*. ¶ 9.  The next day, Trans Union purportedly issued its investigation results, stating that Trident had verified the collection with no changes to how it was being reported, including no notation that the collection amount was disputed. *Id*. ¶ 10.

On August 22, 2016, Alston purportedly contacted Trident by phone to dispute the debt. *Id*. ¶ 11. He was told that Trident would send him a letter providing a breakdown of how the $1,391 was calculated and advising him of his right to request validation and/or verification of

---

[2] Although Alston contends that Trident's, and not Orion's, actions violated FCRA and constituted defamation, he asserts that "[u]nder the doctrine of respondeat superior, Orion is liable for each and every alleged violation of Trident."

[3] Defendants do not ask the Court to dismiss Count III (the FCRA claim) or Count IV (the defamation claim) of Alston's Complaint.

[4] Alston's Complaint has two paragraph 5's.

the debt. *Id.* ¶¶ 12-13. Alston was further purportedly told that Trident had not sent him a letter since it acquired the Verizon debt because Trident's policy was to contact debtors by phone, not by mail, and Trident did not have Alston's phone number on file. *Id.* ¶ 14.

Alston says he called Trident again on August 25, 2016. *Id.* ¶ 15. He was purportedly advised that Orion had purchased the debt from Verizon and that Trident was collecting on behalf of Orion. *Id.* ¶ 16. He was also purportedly told that the debt was considered disputed as of August 22, 2016 and that Trident reported information regarding the debt to credit reporting agencies (such as Trans Union) on the 23rd of every month. *Id.* ¶¶ 17-18.

On August 26, 2016, Alston received correspondence from Trident which informed him of his rights to dispute the validity of the debt within 30 days of receiving the notice, but the notice still requested that he send a $1,390.81 payment to Trident's address. *Id.* ¶¶ 21-22. Either during one of his alleged phone calls with Trident or in this letter, Alston was informed that the $1,390.81 debt stemmed from unreturned Verizon FIOS TV equipment ($742.00) and past due charges ($648.81). *See Id.* ¶ 28.

On August 29, 2016, Alston says he sent a dispute letter to Trans Union, challenging the purported balance. *Id.* ¶ 25. He also says he sent a letter directly to Trident. *Id.* ¶ 26. The letters purportedly disputed that Trident or Orion acquired the account from Verizon, that $1,390.81 was owed on the account, and that Alston owed $742.00 for FIOS TV equipment and $648.81 for past due charges. *Id.* ¶¶ 27-28. Even so, says Alston, Trident continued its debt collection activity, reporting the debt to Trans Union prior to providing Alston with validation of the debt. *Id.* ¶ 31.

According to Alston, on September 12, 2016, Trans Union issued its investigation results, finding that Trident had again verified the collection, indicating that no changes would be made

as to how the debt would be reported and containing no notation that the collection account was disputed. *Id.* ¶ 32

Alston originally filed this Complaint in the Circuit Court for Prince George's County, ECF No. 2, but Defendants removed the case to this Court in a timely fashion. ECF No. 1. Defendants have filed a Motion to Dismiss for Failure to State a Claim. ECF No. 9. Alston has not responded.

## II.     STANDARD OF REVIEW

A party may move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), where a complaint fails to state facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Whether a complaint adequately states a claim for relief is normally judged under Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Twombly*, 550 U.S. at 555.  A complaint must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).   A plaintiff proceeding *pro se* is entitled to have his complaint construed liberally, but this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).  While the facts alleged in Alston's complaint must be taken as true, bare conclusory statements "are not entitled to the assumption of truth."  *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

## III.     ANALYSIS

The Court considers the claims in Counts I and II against Defendants in turn:

### A.  Count I

In Count I, Alston alleges that Defendants violated multiple provisions of the FDCPA, 15 U.S.C. § 1692: (e)(2) and (10) by attempting to collect a debt by falsely claiming he owed a debt; (e)(2) by falsely claiming he owed a debt; (e)(8) by communicating information to a third party, including Trans Union, that was known to be false; and (g)(b) by failing to cease collection of the debt following his written dispute and prior to their validation of the debt. Defendants argue that Alston fails to state a claim because the Complaint does not establish that he has been the object of collection activity arising from a *consumer* debt.

Defendants are correct that in order to establish a cause of action under the FDCPA, a complaint must allege that "(1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F.Supp.2d 754, 759-60 (D.Md. 2012) *aff'd sub. nom. Lembach v. Bierman*, 528 Fed.Appx. 297 (4th Cir., June 12, 2013). "Under the FDCPA, a consumer debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5). Therefore, to establish a claim under the FDCPA, plaintiffs must allege and prove that the subject of the debt is primarily for 'personal, family or household purposes.'" *Alston v. Cavalry Portfolio Services, LLC*, 2013 WL 665036, *3 (D.Md. Feb. 22, 2013).

Alston has inadequately alleged that the subject of the debt in question is a consumer debt as required by the FDCPA. Unlike the complaint in *Alston v. Cavalry*, the Complaint here does not even contain a formulaic recitation of the elements of the cause of action. He merely states

that he is a consumer as defined by 15 U.S.C. § 1681a(c). Therefore, Alston has failed to state a claim upon which relief may be granted.

Accordingly, the Court will **DISMISS** Count I **WITHOUT PREJUDICE**.

### B.  COUNT II

Alston alleges that he and two classes of plaintiffs should be compensated for Defendants' violations of § 1692(g)(a) of the FDCPA. He argues that Defendants failed to notify him and the first putative class of their rights to dispute the debt and failed to disclose certain statutorily required information regarding the debt, which Defendants were required to provide within five days of their initial communication. He contends that Defendants' initial communication with him and the first putative class was made through the indirect communication via Trans Union. Alston also alleges that Defendants violated the FDCPA when Trident sent him and the second putative class letters during the 30-day period that he and the others were permitted to dispute the debt. The letters purportedly violated § 1692(g)(a) because they included language that demanded payment or may have been perceived to demand payment.

This claim goes out for the simple reason that the Fourth Circuit does not "certify a class where a *pro se* litigant will act as representative of that class." *Oxendine v. Williams.* 509 F 2d. 1405, 1407 (4th Cir. 1975). Accordingly, the Court will **DISMISS** Count II **WITHOUT PREJUDICE**.

### IV.      CONCLUSION

The Court will **GRANT** Defendants' Motion to Dismiss Plaintiff's Complaint, ECF. No. 9 and **DISMISS** Counts I and II **WITHOUT PREJUDICE**.

If within 20 days, Alston so chooses, he may file a Motion for Leave to Amend his Complaint, attaching an Amended Complaint that adequately alleges and proves that the subject

of the debt in question is a consumer debt and that fashions the alleged violations of § 1692(g)(a) of the FDCPA as individual, not class action, claims.

Further, Alston must file the Affidavit discussed in Footnote 1 within 20 days of the date of this Memorandum Opinion. If he chooses to file a Motion for Leave to Amend his Complaint, which he also must do within 20 days, he shall attach the Affidavit to said Motion. Even if he chooses not to file a Motion for Leave to Amend his Complaint, Alston shall still, within 20 days, file the Affidavit described in Footnote 1.

Following Alston's filing of a Motion to Amend and/or the Affidavit as required by Footnote 1, the Court will consider what the next procedural steps should be.

A separate Order will **ISSUE**.


_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 28, 2017**