IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN T. ALSTON,　　　　　＊
　　　　　　　　　　　　　　　　＊
　　　Plaintiff, *pro se*,　　　　＊
　　　　　　　　　　　　　　　　＊
v.　　　　　　　　　　　　　　　＊　　Civil No. **PJM 16-3697**
　　　　　　　　　　　　　　　　＊
**ORION PORTFOLIO**　　　　　　＊
**SERVICES, LLC**, *et al.*,　　　＊
　　　　　　　　　　　　　　　　＊
　　　Defendants.　　　　　　　　＊

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Jonathan Alston has sued Orion Portfolio Services, LLC ("Orion") and Trident Asset Management, LLC ("Trident") (hereinafter, collectively "Defendants") in connection with a debt he purportedly owed to Verizon Communications ("Verizon") for unreturned television equipment and associated fees. Alston claims that Orion, who he says purchased the debt from Verizon, and Trident, who he says sought to collect the debt on behalf of Orion, attempted to collect the $1,391 debt in violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*. and committed the common law tort of defamation in the process.

On June 11, 2019, the Court granted Defendants' Motion to Dismiss and Motion for Sanctions and directed them to file a more detailed Motion for Fees and Costs within 14 days. ECF No. 80. Defendants filed a Motion for Attorneys' Fees and Costs on June 18, 2019, ECF No. 82. Plaintiff filed a late response in Opposition on August 5, 2019, ECF No. 85, and Defendants filed a Reply on August 16, 2019, ECF No 87. On October 1, 2019, Plaintiff filed three additional motions: Motion to Relief from Judgment, ECF No. 88, Motion for Leave to File a Surreply to

1

Defendants' Reply, ECF No. 89, and a Motion for the Court to Order Defendants' Motion for Attorney Fees to Have The Same Effect under Federal Rule of Appellate Procedure 4(a)(4) as a Timely Motion Under Rule 59, ECF No. 90. Defendants filed a consolidated response in Opposition on October 15, 2019, ECF No. 91, and Plaintiff filed a consolidated Reply on November 4, 2019, ECF No. 93. Defendants filed a supplement to their Motion for Attorneys' Fees and Costs on October 15, 2019. ECF No. 92.

The Court will **GRANT IN PART AND DENY IN PART** Defendants' Motion for Attorneys' Fees and Costs, **DENY** Plaintiff's Motion for Leave to File a Surreply, **DENY** Plaintiff's Motion for Relief from Judgment, and **DENY** Plaintiff's Motion for the Court to Order Defendants' Motion for Attorney Fees to Have The Same Effect under Federal Rule of Appellate Procedure 4(a)(4) as a Timely Motion Under Rule 59.

## I. FACTUAL BACKGROUND

The Court has recited the facts of this case in multiple prior Memorandum Opinions, including its most recent Memorandum Opinion granting Defendants' Motion to Dismiss, ECF No. 80. Essentially, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, the Fair Credit Reporting Act, 15 U.S.C. 1681, and defamed him by attempting to collect $1,391 from him.

The tortured procedural history of this case is laid out in the aforementioned Memorandum Opinion, ECF No. 80. Of particular relevance, Plaintiff originally filed a Complaint in the Circuit Court for Prince George's County, ECF No. 2, which Defendants removed to this Court in a timely fashion. ECF No. 1. The Court then granted Defendants' Motion to dismiss two Counts of the Complaint, but did so without prejudice, granting Plaintiff leave to file an amended complaint. ECF No. 15. In this Opinion, the Court noted the number of lawsuits filed by Plaintiff's family—

the Alstons, and took judicial notice of Plaintiff's brother Thomas Alston's LinkedIn profile. *Id.* As has been recounted in multiple opinions in this case and others, Thomas Alston is a non-attorney who has been both a plaintiff in many of these fair debt collection lawsuits as well as the de facto drafter of several of them. Thomas Alston advertises legal services on LinkedIn, including his claim of work on debt collection cases, despite not being an attorney barred in any jurisdiction. As such, the Court directed Plaintiff to file an affidavit in order to determine whether the case was brought in good faith.[1] ECF No. 15 at 1 n.1.

On March 20, 2017, Plaintiff filed an affidavit stating, among other things, that he talks "*generally* to [his] family including Thomas Alston about the law and in particular the federal statutes such as the Fair Credit Reporting Act ["FCRA"] and Federal Debt Collection Practices Act," but that they do not talk about "the specifics of a particular case," and that he primarily uses PACER and the National Consumer Law Center to assist him in drafting his pleadings. Pl. Aff. ¶ 15, ECF No. 17 ¶¶ 16-17, 19. He also affirmed that he has not kept "a mental record of whether [he] received any particular advice, documents or pleadings from Thomas Alston or any other person or source other than PACER or the National Consumer Law Center." *Id.* ¶ 20.

In addition to filing his affidavit, Plaintiff filed an Amended Complaint, which closely paralleled the Original Complaint. ECF No. 19. On April 12, 2018, the Court issued a Memorandum Opinion and Order granting Defendants' Partial Motion for Summary Judgment, thereby dismissing Counts III and IV and limiting his possible recovery on Counts I and II, and denying Plaintiff's Cross-Motion for Partial Summary Judgment. ECF Nos. 51, 52. Subsequently,

---

[1] The Court also notes that Plaintiff is or has been a Plaintiff in multiple other lawsuits, including *Alston v. Trident Asset Management, LLC, et al.*, 18-cv-575 PJM, which stems from the same set of events, *Alston v. Transworld Systems Inc.*, 12-cv-1815 JFM, *Alston v. LHR, Inc.*, 12-cv-3294 DKC, *Alston v. United Collection Bureau, Inc.*, 13-cv-913 DKC, *Alston v. Equifax Information Services, LLC et al.*, 13-cv-2390 DKC, *Alston v. Transunion, LLC et al.*, 15-cv-3099 TDC, and *Alston v. Equifax Information Services, LLC*, 15-cv-3393 DKC.

the parties agreed to hold a Pre-Trial Conference in Court on August 30, 2018, ECF No. 55, which was later postponed until September 20, 2018, ECF No. 57. Plaintiff, however, did not participate in the preparation of the Pre-Trial Order filed by Defendants, as required by the Local Rules of Court, seeking instead leave to postpone the Pre-Trial Conference, ECF No. 60, which the Court denied, ECF No. 62.

On September 20, 2018, Plaintiff failed to attend the Pre-Trial Conference, but instead had his non-attorney brother, Thomas Alston, appear on his behalf. Pre-Trial Conference Transcript ("PTC Tr.") 2:7–12, ECF No. 74. Despite Thomas Alston's non-attorney status, the Court asked if he would answer questions under oath, which he refused to do. *Id.* at 3:15–21. Thomas Alston did, however, answer the Court's questions unsworn. *Id.* at 4:6-28:8. The Court then questioned Thomas Alston extensively about the claims on his LinkedIn page. *Id.* at 16:22–17:4. The Court also asked Thomas Alston if he had assisted Plaintiff in any way in preparing any of the pleadings in the present case. *Id.* at 26:11–17. Thomas Alston responded that he "may have had a hand" in preparing the pleadings, saying he "normally . . . will give somebody a template [for drafting pleadings]." *Id.* at 26:18–19. Thomas Alston also claimed that he had discussed this and other cases with family members. *Id.* at 26:23–27:8. However, when defense counsel pointed out to Thomas Alston that Plaintiff, at his deposition in 2017, testified that he had not spoken about the facts of his case with Thomas Alston, and that Thomas Alston had not provided him with any pleading templates or forms, Thomas Alston responded that Plaintiff may in fact have used a template to prepare his pleadings in a prior case. *Id.* at 27:14–28:8. Thomas Alston then stated he was unsure if Plaintiff had used a template to prepare the pleadings for the present case. *Id.* at 28:6–8.

Based in part on Plaintiff's failure to assist in preparation of the Pre-Trial Order and his failure to appear at the Pre-Trial Conference, Defendants on September 26, 2018 filed a Motion to Dismiss Under Federal Rule of Civil Procedure 41(b) and a Motion for Sanctions. ECF No. 67. In its June 11, 2019 Memorandum Opinion, the Court granted Defendants' Motion to Dismiss and Motion for Sanctions. ECF No. 80. The Court found that Plaintiff "has floated claims of dubious veracity, has held back documents, and has given dodgy responses to critical inquiries when it has suited him to do so" and that his suit appeared to "be little more than a classic nuisance suit." *Id.* The Court then directed Defendants to file a Motion for Attorneys' Fees and Costs within 14 days. *Id.* Since then, both parties have filed a number of pleadings.

## II.   ANALYSIS

Under the Fair Debt Collection and Practices Act, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), also known as the "lodestar" method, *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (holding that the lodestar amount is "the product of reasonable hours times a reasonable rate" and the notion that the lodestar figure "represents a reasonable fee is wholly consistent with the rationale behind the usual fee-shifting statute").

The District of Maryland sets forth guidelines regarding hourly rates that "narrow[] the debate over the range of a reasonable hourly rate in many cases." LAR Appendix B. *See also Hairston v. Prince George's County*, 2012 WL 5995451, at *2 (D. Md. Nov. 28, 2012) ("In the

5

District of Maryland, a district judge's determination is also guided by Appendix B to the Court's Local Rules, which sets out non-binding guidelines regarding hourly rates.").

Defendants originally asked for $17,838.68 in attorneys' fees and costs, later amended to $19,795.68, to account for the additional time spent filing responses to Plaintiff's most recent motions. Defendants seek reimbursement for 72.5 hours of work by two (2) attorneys and one (1) paralegal. A partner who has been practicing for 39 years, Ronald S. Canter, Esquire, performed 2.7 hours of work on this case and an associate who has been practicing for 6 years, Bradley T. Canter, Esquire, performed 67.0 hours of work on this case. Paralegal Monica D. Lun performed 2.8 hours of work on this case. Defendants set forth the rates used to calculate this figure and provided the Court with timesheets that describe the hours that were spent on each task. The rates charged by Defendants all fall within the range of rates set forth in Appendix B of the Local Rules.

On October 15, 2019, Defendants supplemented their Motion on account of the additional time spent responding to Plaintiff's more recent motions. Defendants state that Associate Bradley Canter spent a total of 6.5 hours reviewing and responding to Plaintiff's three motions. At defense counsel's hourly rates, this would total $1,957. Thus, the total request for attorneys' fees and costs is $19,795.68.

Plaintiff does not argue that the rates charged by Defendants or hours spent by Defendants are unreasonable. Instead, he argues that the Court did not find that he brought the case in bad faith, and that not all time Defendants spent was wasted even if he was acting in bad faith. He also suggests that Defendants incurred fees and costs of only a fraction of $2,059. Finally, Plaintiff argues that his weak financial condition means that he is unable to pay the full amount of attorneys' fees and costs, and that, in any event, he has been sufficiently deterred from pursuing such litigation in the future.

Some important clarifications are in order. The Court has clearly found and affirms once again that Plaintiff's actions throughout this suit have been in bad faith, declaring this a "classic nuisance suit" in which Plaintiff has "floated claims of dubious veracity." ECF No. 80. After the Court ordered Plaintiff to file an affidavit establishing that the case was brought in good faith, his affidavit claimed that his non-attorney brother Thomas Alston had not spoken to him about this case and that he primarily used PACER and the National Consumer Law Center to find draft pleadings and motions—claims that were later contradicted by Thomas Alston. Regardless, the Court has already granted Defendants' Motion for Sanctions. The only remaining question is how much to award.

Because the rates charged by the Defendants fall within the range of rates set forth in Appendix B of the Court's Local Rules, the Court finds the rates charged to be reasonable. The Court also finds that, given the multiple vexatious pleadings filed by Plaintiff, the 72.5 hours spent on this case by defense counsel, as detailed in the time sheets, are also reasonable. Finally, the Court finds the additional 6.5 hours spent responding to Plaintiff's most recent motions to be reasonable. While Plaintiff argues that only time spent on certain tasks should be counted, the fee statute clearly states the Court may award "attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k.

Plaintiff claims that he is unable to pay the attorneys' fees and costs because of his precarious financial situation. But ability to pay is not a factor under 15 U.S.C. § 1692k(a)(3), which is a fee shifting statute. *See Shlikas v. Sallie Mae, Inc.*, 2011 WL 5825660, at *1 (D.Md. Nov. 16, 2011). Even so, the Court in its discretion will reduce the request of Defendants by 25%.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Attorneys' Fees and Costs and awards Defendants $14,846.76 in attorneys' fees and costs.

The Court will **DENY** all other of Plaintiff's pending motions since their substance has already been addressed in the Court's previous Memorandum Opinions.

### III.   CONCLUSION

Defendants' Motion for Attorneys' Fees is **GRANTED IN PART AND DENIED IN PART**, Plaintiff's Motion for Relief from Judgment is **DENIED**, Plaintiff's Motion to File a Surreply is **DENIED**, and Plaintiff's Motion for the Court to Order Defendants' Motion for Attorney Fees to Have The Same Effect under Federal Rule of Appellate Procedure 4(a)(4) as a Timely Motion Under Rule 59 is **DENIED**.

A separate Order will **ISSUE** and the case will be **CLOSED**.

**February 14, 2020**

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**